UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CAUSE NO.: 1:20-CR-0079 JPH-MJD |
| vs. ) | |
| ) | |
| ISAK TURNER ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Isak Turner, by counsel, Jane H. Ruemmele, files the following Sentencing Memorandum setting out the factors that the court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). By virtue of these directives and how they relate to Isak Turner ("Isak"), a sufficient sentence in compliance with § 3553(a)'s mandate is below guideline range.

**Procedural Background**

On December 20, 2019, Isak was arrested and detained in Marion County on the same offense. Cause Number 49G01-1912-F4-048454. He was released on December 21, 2019. Exhibit B, Jail records. On December 23, 2019, he was charged in federal court. He was arrested on February 5, 2020, and released on February 10, 2020. On July 11, 2021, he was ordered detained for a pretrial violation stemming from an arrest in Marion County for a misdemeanor domestic battery. He has remained in custody since his reincarceration on July 11, 2021. The time he spent in county jail was not attributed to any other sentence, as that charged was ultimately dismissed. Par. 1, PSR. Isak is requesting credit time from his initial arrest on state charges and his two periods of incarceration on his federal case.

Isak has entered a guilty plea without the benefit of a bargain with the Government. He requests that the court take all matters into consideration imposing a just and fair sentence.

1

**Personal Background**

Isak was born in April of 1998 and will be 23 at the time of her sentencing. Isak has had a very difficult upbringing involving foster care, physical abuse, and alienation. Without repeating here the lengthy account in the PSR of his life, it is important to note that Isak's recounting of his childhood includes some remarkable insights and a longing for an emotional connection.

**GUIDELINE CONSIDERATIONS AND DEPARTURE**

As included in the Introduction to Part H of the Guidelines: "The Supreme Court has emphasized that the advisory guideline system should 'continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary.' See *United States v. Booker*, 543 U.S. 220, 264–65 (2005)." The Rule of Lenity provides, "the Court will not interpret a federal statute so as to increase the penalty it places on an individual when such an interpretation can be no more than a guess as to what Congress intended." *United States v. Galaviz*, 645 F.3d 347, 361-62 (6th Cir. 2011).

Although the rule of lenity normally arises in the context of interpreting statutes, the Seventh Circuit has applied rules of lenity in the context of interpreting the Guidelines. *United States v. Neal,* 46 F.3d 1405, 1995 U.S. App. LEXIS 2143.

**Base Level Calculation**

Isak objected to the inclusion in his base level calculations of an entry that attributed to him an additional four points for an offense which involved the possession of an explosive device in connection with another felony offense, to wit: arson. 2K 2.1 (b)(6)(b), par. 22 of the PSR. Arson is defined under 18 USC 844. The conviction requires that a person *maliciously* damage or destroy or attempt to damage or destroy by means of fire or an explosive, any building, vehicle or other real or personal property used an interstate or foreign commerce or in

2

any activity affecting interstate or foreign commerce. Isak was not charged with arson in federal court. The facts do not support a finding by the court that an arson was committed. Arson requires a *mens rea* of maliciousness. Isaac did not have malicious intent. The device was thrown on the ground. Although it resulted in damage, damaging property was not the intent.

Although a cross referencing offense under the Guidelines does not require a conviction and the court may so find that an offense was committed by a preponderance of the evidence, Isak still enjoys the presumption of innocence. The facts do not support a finding that he maliciously committed an arson. As such, Isak objects to this four-point enhancement.

## Offender Characteristics

**5H1.1 Age**

Isak is 23 years old at the time of his sentence. He was 21 at the time of the offense, By far, Isak will be one of the youngest of the prison population, as almost 95 percent of the other inmates will be older than he is. [1] The largest percentage cluster of the prison population is between the ages of 36-45. Isak falls well below that range.

**5H1.2 Education and Vocational Skills**

This subsection provides that education and vocational skills "may be relevant in determining the conditions of probation or supervised release for rehabilitative purposes, for public protection by restricting activities that allow for the utilization of a certain skill, or in determining the appropriate type of community service." Isak acquired his GED while awaiting sentencing. In 4 out of 5 areas, his scores indicated college readiness. Isak hopes to be able to pursue vocational training in HVAC systems while in prison, and has indicated his preferences for placement, based on the vocational training programs available at the facilities. As a condition of supervised release, Isak would like the opportunity to pursue whatever training he

---

[1] https://www.bop.gov/about/statistics/statistics_inmate_age.jsp

needs to become gainfully employed, and would agree to seek gainful employment as a condition of his supervised release.

### 5H1.6. Family Ties and Responsibilities

Subsection B of the Application Notes under this section address "Departures Based on Loss of Caretaking or Financial Support."[2] Isak is a caretaker. Isak has a child and is a good father to that child. The mother of his child, Heather Farren, stated:

> Isak is a good guy. He's a great father to our daughter. He tries his best to help his family and friends. If he saw someone on the street struggling he goes up and helps them or see if they need help. I honestly I think he just made a mistake and wasn't thinking and deserve a second chance to make things right.
> See Exhibit A.

### VARIANCE IN ACCORDANCE WITH THE 18 U.S.C. § 3553(A) FACTORS

To avoid procedural error, sentencing judges must correctly calculate the guidelines range, evaluate the factors in 18 U.S.C. § 3553(a), and rely on properly supported facts. *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008). A district court may not presume that the guideline sentence is the correct one. *Rita v. United States*, 551 U.S. 338, 351 (2007). This court has discretion to impose a sentence outside the guidelines range if its consideration of the factors in 18 U.S.C. § 3553(a) persuade it to do so. *Gall v. United States,* 552 U.S. 38, 50 (2007). The sentencing judge does not need extraordinary circumstances to impose a non-Guidelines sentence. *Id*. Nor is the sentencing judge required to find more compelling reasons merely

---

[2] A departure under this policy statement based on the loss of caretaking or financial support of the defendant's family requires, in addition to the court's consideration of the non-exhaustive list of circumstances in subdivision (A), the presence of the following circumstances:
(i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
(ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration.
(iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

because there might be a large deviation from the applicable guideline range. Moreover, the court is not required to address every § 3553(a) factor individually or to articulate conclusions as to each one. *United States v. Sainz-Preciado*, 566 F.3d 708, 716 (7th Cir. 2009).

### The Parsimony Provision and Rules of Lenity

18 U.S.C. §3553 (a) provides:

The court shall impose a sentence ***sufficient, but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The parsimony provision provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court is statutorily bound not to impose a sentence greater than what would be necessary to comply with the relevant sentencing provisions discussed. Bridges v. United States, 991 F.3d 793,809, 2021 U.S. App. LEXIS 7748, 2021 WL 1016433. In *United States v. Wilson,* 350 F.Supp.2d 910, (DC Utah 2005), the court stated, "It is possible to argue that this provision requires the courts to impose sentences below the Guidelines range, because Guidelines sentences are not parsimonious." *Id.* at 921; *See also*, *United States v. Ministro-Tapia*, 470 F.3d 137 (2nd Cir. 2006). ("Plainly, if a district court were explicitly to conclude that two sentences equally served the statutory purpose of §3553, it could not, consistent with the parsimony clause, impose the higher.") *Id*. at 142. The Honorable Jack Weinstein of the United States District

---

(iv) The departure effectively will address the loss of caretaking or financial support.

5

Court for the Eastern District of New York wrote: "A key provision [of sentencing] embodies the concept of "parsimony," a principle of the American Bar Association Standards for Criminal Justice. *See* American Bar Association, Standards for Criminal Justice, Chapter 18, "Sentencing Alternatives and Procedures," 18- 3.2(iii) ("Parsimony in the use of punishment is favored. The sentence imposed should therefore be the least severe sanction necessary to achieve the purposes for which it is imposed . . . ") (1993). *See also* Richard S. Frase, *Sentencing Guidelines in the States: Lessons for State and Federal Reformers*, 6 Federal Sentencing Reporter 123, 124 (1993). Later, the Supreme Court in *Rita v. United States*, 551 U.S. 338, (2007), *Gall v. United States,* 552 U.S. 38, 50 (2007) and *Kimbrough v. United States,* 552 U.S. 85 (2007) made it clear that the Guidelines "are only one factor to consider when imposing [a] sentence," and that a district court should impose an individualized sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing under § 3553(a).

Isak requests that the court vary downward from the guideline of 57 to 71 months for all the reasons stated herein.

## Mental Health Treatment

Isak has indicated to probation that he believes he would benefit form a medication regimen to address his anxiety and ADHD. Undersigned counsel believes additional mental health counseling would be beneficial to help Isak continue to process his life experiences and to assist with anger control.

## Isak has Shown Good Character

While incarcerated, Isak has improved himself. He has obtained his GED, and shown promise toward higher education. He wants to seek higher education. The mother of his child speaks highly of him, stating he is a good father and a good person. Isak is remorseful for having unintentionally scared someone and caused harm to their vehicle and to a bridge.

## BOP Placement

Isak would like to participate in HVAC vocational training with an apprenticeship. Isak requests that he be allowed to serve his sentence at any one of the following BOP facilities, in the order listed:

1. Ashland
2. Coleman
3. Butner
4. Aliceville
5. Dublin
6. Petersburg

## **CONCLUSION**

Isak is remorseful for his conduct. He has more potential than he has been able to achieve. He is still young. He wants to learn and be gainfully employed. Isak requests a sentence that allows him to move forward and grow up and get beyond the poor judgment he exercised in committing this offense.

                                               Respectfully submitted,
                                               HAYES RUEMMELE, LLC

By:    /s/ *Jane H. Ruemmele*
         Jane H. Ruemmele

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:

/s/ *Jane H. Ruemmele*
Jane H. Ruemmele

7